```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
MICHAEL BERK,                      :
                                   :
         Plaintiff,                :   Civ. No. 17-0091 (NLH) (AMD)
                                   :
    v.                             :          OPINION
                                   :
JORDAN HOLLINGSWORTH, et al.,      :
                                   :
         Defendants.               :
_____:
```

APPEARANCES:

MICHAEL BERK, No. 43739-037
F.C.I. Seagoville
P.O. Box 9000
2113 N. Hwy 175
Seagoville, TX 75159
     Plaintiff Pro se

Craig Carpenito, United States Attorney
John T. Stinson, Assistant United States Attorney
Office of the U.S. Attorney
District of New Jersey
402 East State Street
Room 430
Trenton, NJ 08608
     Attorneys for Defendants

HILLMAN, District Judge

Plaintiff Michael Berk moves for reconsideration of this Court's screening opinion and order, or in the alternative for permission to file an amended complaint. See ECF No. 20. Defendants William Bickart, Jordan Hollingsworth, and Stacey Marantz move to dismiss the complaint. ECF No. 33. For the

following reasons, the motion for reconsideration, or in the alternative to amend, is denied without prejudice. Defendants' motion to dismiss shall be administratively terminated.

I. BACKGROUND

Plaintiff, a federal prisoner, filed a complaint under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), alleging that Defendants Warden Jordan Hollingsworth, Chief Psychologist Stacey Marantz, and Behavioral Management Programs Coordinator William Bickart directed Plaintiff's transfer from the Federal Correctional Institution at Fort Dix in Fort Dix, New Jersey, a prison located near his family and home, to the Federal Correctional Institution at Seagoville in Texas, because of certain content contained in his outbound mail. Plaintiff contends the transfer was retaliation for exercising his First Amendment right to freedom of expression. See ECF No. 1. He also alleged Defendant Jane Doe opened, read, and confiscated his personal outbound mail in violation of the First and Fourth Amendments and that Defendant Caroline Gary, who is employed at the Bureau of Prison's Designation and Sentence Computation Center and not at FCI Fort Dix, approved and processed his transfer. Id.

The Court screened the complaint under 28 U.S.C. § 1915(e)(2)(B) and concluded that the complaint should proceed against Defendants Hollingsworth, Martinez, Bickart, and Doe.

ECF No. 13. Defendant Gary was dismissed. Id. The Court noted that an amended complaint and "supplement" that Plaintiff filed prior to screening violated Federal Rule of Civil Procedure 15(a). Id. at 2 n.1. Summonses were issued to Defendants. ECF No. 18.

On May 28, 2019, Plaintiff filed his motion for reconsideration, or alternatively to amend his complaint. ECF No. 20. After Defendants were served, they filed a motion to dismiss. ECF No. 33. In their motion to dismiss, Defendants oppose Plaintiff's motion for reconsideration or to amend.

II. STANDARD OF REVIEW

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Local Rule 7.1 provides that motions to reconsider shall be filed within fourteen (14) days from the date of the entry of the order or judgment to be reconsidered unless otherwise provided by statute. See D.N.J. Loc. R. 7.1.

3

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course twenty-one (21) days after serving the pleading or twenty-one (21) days "after a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). A court may deny leave to amend a pleading where it finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Id. The Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

III. DISCUSSION

Petitioner argues the Court should reconsider its March 5, 2019 decision to prevent manifest injustice. ECF No. 20 at 3. He does not cite the legal authority for his motion for reconsideration, but his motion for reconsideration is untimely under this District's rules. Local Civil Rule 7.1 requires motions for reconsideration to be filed within 14 days of the judgment being challenged. Local Civ. R. 7.1(i). The Court screened the complaint and struck the proposed amendments on March 5, 2019. ECF No. 13. Plaintiff did not submit his motion

4

for reconsideration until 78 days later on May 22, 2019.  His motion is also untimely under Rule 59, which requires motions to alter or amend a judgment to be filed no later than 28 days after the entry of the judgment.  Fed. R. Civ. P. 59(e).

To the extent the Court construes the motion as a motion to amend the complaint, it is denied without prejudice.  The proposed amended complaint consists of 97 lengthy paragraphs across 39 pages beginning with Plaintiff's birth in 1980, proceeding through his criminal prosecution in 2010, and culminating with his itemized list of disagreements with the Bureau of Prisons dating back to 2011.  In short, the proposed amended complaint fails to satisfy the Rule 8(a)(2) requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" or the Rule 8(d)(1) requirement that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a), (d).  See also Williams v. Wetzel, 776 F. App'x 49, 49–50 (3d Cir. 2019) ("The Complaint is a sprawling work that defies Rule 8(a)(2)'s call for 'a short and plain statement of the claim [or claims] showing that the pleader is entitled to relief.'" (alteration in original)); Reardon v. New Jersey, No. 17-5868, 2018 WL 4964548, at *3 (D.N.J. Oct. 15, 2018) (denying motion to amend as futile where proposed amended complaint failed to satisfy "short and plain" requirement).

Adding to the futility of permitting the proposed amended complaint to proceed is the fact that many of the alleged claims are barred by the statute of limitations for Bivens claims.[1] "A Bivens claim is 'characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims.'" DePack v. Gilroy, 764 F. App'x 249, 251 (3d Cir. 2019) (quoting Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010)). New Jersey's statute of limitations on personal injury actions is two years. N.J.S.A 2A:14-2(a).

"Claims generally accrue, and the statute of limitations generally begins to run, when the plaintiff knew or should have known of the injury on which the claim is based." DePack, 764 F. App'x at 251. Plaintiff's original complaint was submitted on December 30, 2016. Plaintiff alleges that Defendants retaliated against him and interfered with his mail; he would have known he was injured based on these alleged actions at the time they occurred. Therefore, any claims that accrued before December 30, 2014 are barred by the statute of limitations. Plaintiff does not reach 2015 until paragraph 40 of his proposed

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte . . . for failure to state a claim." Ostuni v. Wa Wa's Mart, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

6

amended complaint, making much of his proposed amended complaint subject to dismissal as barred by the statute of limitations.

As it would be futile to permit the proposed amended complaint to proceed, the Court denies the motion to amend. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). In the interests of justice, the Court will grant Plaintiff time to file a second proposed amended complaint. The proposed second amended complaint must be filed within 45 days of this opinion and order, and it shall be subject to this Court's screening under § 1915. In the meantime, the Court shall administratively terminate the pending motion to dismiss the original complaint. ECF No. 33. The Court shall reinstate the motion to dismiss in the event Plaintiff does not submit a proposed second amended complaint or if the second amended complaint does not pass the Court's § 1915 screening.

IV. CONCLUSION

For the reasons set forth above, the Motion for Reconsideration or, in the alternative, to amend is denied without prejudice. The motion to dismiss is administratively terminated. An appropriate Order follows.

Dated: December 9, 2019  
At Camden, New Jersey

s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.