```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
MICHAEL BERK,                       :
                                    :
          Plaintiff,                :   Civ. No. 17-0091 (NLH) (AMD)
                                    :
     v.                             :   OPINION
                                    :
JORDAN HOLLINGSWORTH, et al.,       :
                                    :
          Defendants.               :
_____ :
```

APPEARANCES:

Michael Berk, No. 43739-037
F.C.I. Seagoville
P.O. Box 9000
2113 N. Hwy 175
Seagoville, TX 75159

    Plaintiff Pro se

Craig Carpenito, United States Attorney
John T. Stinson, Assistant United States Attorney
Office of the U.S. Attorney
District of New Jersey
402 East State Street
Room 430
Trenton, NJ 08608

    Attorneys for Defendants

HILLMAN, District Judge

    Defendants William Bickart, Jordan Hollingsworth, and Stacey Marantz move to dismiss Plaintiff Michael Berk's complaint. ECF No. 33. For the following reasons, the motion will be granted, and the First Amendment claims will be

dismissed. The Court concludes the remainder of the complaint fails to state a claim and will therefore be dismissed under 28 U.S.C. § 1915.

I. BACKGROUND

Plaintiff, a federal prisoner, filed a complaint under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), alleging that Defendants Warden Jordan Hollingsworth, Chief Psychologist Stacey Marantz, and Behavioral Management Programs Coordinator William Bickart directed Plaintiff's transfer from the Federal Correctional Institution at Fort Dix in Fort Dix, New Jersey, a prison located near his family and home, to the Federal Correctional Institution at Seagoville in Texas. See ECF No. 1. He also alleged Defendant Jane Doe opened, read, and confiscated his personal outbound mail in violation of the First and Fourth Amendments and that Defendant Caroline Gary, who is employed at the Bureau of Prison's Designation and Sentence Computation Center, approved and processed his transfer. Id.

Plaintiff states he was "arrested in 2008 for a non-contact computer-based sex offense involving simple possession of contraband pornography and communications with adult civilians which violated federal law proscribing attempts to entice notional minors for illegal sexual activity." ECF No. 1 at 6. He was subsequently convicted of two counts of enticing a minor,

2

18 U.S.C. §§ 2422(b) and 3583(k); and pled guilty to possession of child pornography, 18 U.S.C. §§ 2252A(a)(5)(B) and 3583(k). United States v. Berk, No. 2:08-cr-00212 (D. Me. Oct. 26, 2009) (ECF No. 134). The trial court sentenced Plaintiff to 200 months imprisonment and recommended that Plaintiff be placed in a BOP facility that could provide him with sex offender treatment. Id.

While detained at the Strafford County, New Hampshire Department of Corrections awaiting transportation to a BOP facility, Plaintiff "was found in possession of 'pieces of files and saw blades intended to be used by [Berk] to cut into a plexiglass window in his cell and a hardened steel rod bisecting that window in an effort to escape.'" ECF No. 33-2 at 9 (quoting Superseding Information, United States v. Berk, 1:10-cr-00010 (D.N.H. June 28, 2010)) (alteration in original). He pled guilty to possessing contraband in prison in violation of 18 U.S.C. § 1791(a)(2). Id. The District of New Hampshire sentenced Plaintiff to a 12-month sentence to be served consecutively to his convictions from the District of Maine and recommended placement in FCI Fort Dix or FCI Fairton, New Jersey so Plaintiff could be near his family. Id.

Plaintiff later filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging improper discipline at FCI

3

Seagoville, Texas. ECF No. 1 at 6-7.[1] Plaintiff states that this petition was dismissed as moot following his transfer from Seagoville to Fort Dix in March 2015, but that the petition "resulted in the reversal and expunction of that incident." Id. at 7.

Plaintiff alleges that Defendant Marantz informed him on July 1, 2015 "that BOP staff . . . had confiscated and forwarded to her a written exchange between [him] and [his] fiancée." Id. After consulting with BOP Central Office Staff it was determined that Plaintiff would not be subject to any discipline because he was not "subject to any pertinent directive . . . ." Id. "She advised me to be careful not to write anything which could be construed as indicating a propensity to commit future criminal sex acts, in which case I would be transferred to a less-desirable prison under more restrictive conditions where my family could no longer visit me." Id. Plaintiff asked Defendant Marantz what he could and could not write "in the context of private communication with my committed partner (i.e., consenting adults in a healthy relationship), to avoid consequences . . . ." Id. He alleges that he was transferred

---

[1] The specifics of the § 2241 petition are unknown as the docket was sealed by the court. Berk v. Mejia, 3:14-cv-04402 (N.D. Tex. Jan. 30, 2015) (ECF No. 9) (Order sealing case).

back to Seagoville under a Sex Offender Management Program ("SOMP") because of this inquiry and his prior § 2241.

Plaintiff alleges that he does not qualify for SOMP under the relevant BOP program statements because he has not engaged in "risk-relevant behavior." Id. at 8. He asserts Defendant Marantz retaliated against him for making inquires about his written communications, Defendant Bickart requested the transfer, and Defendant Gary at the DSCC approved and processed his transfer. Id. He alleges Defendant Hollingsworth denied his grievances about the opening of his mail and retaliated against Plaintiff for the prior § 2241. Id. He also asserts violations of the First and Fourth Amendments by Defendant Doe for the opening of his mail, Fifth Amendment due process right, Eighth Amendment prohibition on cruel and unusual punishment, and Fourteenth Amendment equal protection right. Id. at 9.

The Court screened the complaint under 28 U.S.C. § 1915(e)(2)(B) and concluded that the complaint should proceed against Defendants Hollingsworth, Martinez, Bickart, and Doe. ECF No. 13. Defendant Gary was dismissed. Id. The Court noted that an amended complaint and "supplement" that Plaintiff filed prior to screening violated Federal Rule of Civil Procedure 15(a). Id. at 2 n.1. Summonses were issued to Defendants. ECF No. 18.

On May 28, 2019, Plaintiff filed a motion for reconsideration, or alternatively to amend his complaint. ECF No. 20. After Defendants were served, they filed a motion to dismiss. ECF No. 33. On December 9, 2019, the Court denied Plaintiff's motion for reconsideration or to amend but granted Plaintiff permission to file a proposed second amended complaint within 45 days. ECF No. 40. The Court administratively terminated the motion to dismiss in the interim. Id.

Plaintiff requested additional time to file his proposed second amended complaint, ECF No. 42, and the Court granted that request, ECF No. 43. After Plaintiff failed to submit a proposed amended complaint within the time set by the Court, Defendants asked the Court to reinstate their motion to dismiss the amended complaint. ECF No. 44. The Court reinstated the motion to dismiss on April 30, 2020. ECF No. 45. As the Court has not received any communication from Plaintiff since his request for an extension in January 2020, it will consider his previously filed opposition to the motion. ECF No. 37.

II. STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff

6

has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim.  Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).  "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings."  Id. at 790.

III. DISCUSSION

A.   First Amendment Claims

Defendants argue that Plaintiff cannot bring his First Amendment claim for retaliation and interference with his mail

7

under Bivens. Alternatively, Defendants argue they have qualified immunity to the claims.

The Supreme Court's decision in Ziglar v. Abbasi, 137 S. Ct. 1843 (2017) "created a funnel through which plaintiffs alleging constitutional violations by federal officials must pass." Alexander v. Ortiz, No. 15-6981, 2018 WL 1399302, at *4 (D.N.J. Mar. 20, 2018), aff'd, 807 F. App'x 198 (3d Cir. 2020). First, the Court must determine whether the cause of action presents a "new context" for Bivens cases. If it does, the Court must determine whether there are special factors counselling against extending the Bivens remedy to the new cause of action. "[E]xpanding the Bivens remedy is now a 'disfavored' judicial activity." Abbasi, 137 S. Ct. at 1857.

"[T]he 'proper test' for determining whether a case presents a new Bivens context is if the Supreme Court has not previously recognized a claim in that context. A context is 'new' if it implicates a constitutional right not previously recognized by the Supreme Court." Mack v. Yost, 968 F.3d 311, 320 (3d Cir. 2020). The Supreme Court has never recognized a Bivens remedy for First Amendment claims. See Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims."); Mack, 968 F.3d at 320; Vanderklok v. United States, 868 F.3d 189, 198 (3d Cir. 2017). Plaintiff's claims present new contexts, and the Court

8

must consider whether special factors counsel against extending the Bivens remedy.

Post-Abbasi, the Third Circuit has concluded that "[t]wo special factors are 'particularly weighty': the availability of an alternative remedial structure and separation-of-powers concerns." Mack, 968 F.3d at 320. Those considerations also weigh against expanding Bivens to a case where a prisoner alleges his transfer by the BOP was retaliatory in nature and that the prison has been interfering with his non-legal mail.

"The Supreme Court has noted that 'when alternative methods of relief are available, a Bivens remedy usually is not. Thus, the availability of an alternative remedial structure may, on its own, prevent courts from expanding Bivens." Mack, 968 F.3d at 320 (quoting Abbasi, 137 S. Ct. at 1863). Here, Plaintiff has access to the BOP's internal remedy system to address his complaints about his mail handling and his transfer, see 28 C.F.R. §§ 542.10-542.19, and he used it, see ECF No. 37-1 at 10. Plaintiff argues that the internal system is not an adequate remedy because he must exhaust his internal remedies before he can file a Bivens suit and he cannot obtain damages via the internal system. ECF No. 37-1 at 11.

The fact that Plaintiff's administrative grievances were unsuccessful does not mean an alternative remedy was not available. "It is sufficient that the administrative remedy was

available to [Plaintiff], he made use of it, and the prison officials addressed it." McFadden v. United States, No. 19-2900, 2020 WL 5820745, at *3 (E.D. Pa. Sept. 30, 2020). The alternate remedy is also inadequate because Plaintiff could not obtain damages from his internal remedies. "[T]he alternative remedy need not provide an individual with complete relief in order to foreclose a damages remedy under Bivens." Mack, 968 F.3d at 320 (emphasis omitted). "Accordingly, because [Plaintiff] had access to at least 'some redress,' . . . we find that the BOP's administrative remedy program offers a 'convincing reason,' for us to refrain from creating a new damages remedy against federal prison officials." Id. at 321 (quoting Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69 (2001); Abbasi, 137 S. Ct. at 1862)

The Court also concludes that separation of powers concerns weigh heavily against extending Bivens to Plaintiff's First Amendment claims. "Because courts are not in a position to second-guess the administrative policies and functions historically within the executive's domain, we must exercise restraint if judicial intervention would ultimately interfere with executive functions." Id. at 322. In Mack, the Third Circuit declined to extend a Bivens remedy to a prisoner who alleged his workplace supervisor retaliated against him when he complained about harassment. 968 F.3d 311. "First Amendment

10

retaliation claims often require an 'analysis of the reasoning, motivations, or actions of prison officials,' which counsels against Bivens expansion." Id. at 322-23 (quoting Bistrian v. Levi, 912 F.3d 79, 95 n.23 (3d Cir. 2018) ("Bistrian II")).

Likewise, the Third Circuit declined to extend Bivens to a First Amendment retaliation claim brought in the prison housing context due to the separation of powers concerns. Bistrian II, 912 F.3d 79. "[R]etaliation claims like this one are grounded in administrative detention decisions. Whether to place an inmate in more restrictive detention involves real-time and often difficult judgment calls about disciplining inmates, maintaining order, and promoting prison officials' safety and security." Id. at 96. "That conclusion aligns with a strong trend in district courts, post-Abbasi, holding that a Bivens retaliation claim under the First Amendment should not be recognized. We agree with that view." Id. (internal citation omitted). The same concerns that dissuaded the Third Circuit in Bistrian II and Mack convince this Court that Plaintiff's retaliation and mail[2] Bivens claims cannot proceed.

Plaintiff argues Abbasi does not foreclose his claims because he is arguing the prison officials failed to follow BOP procedure and is not contesting the legality of a particular BOP

---

[2] This decision is limited to non-legal mail.

11

policy.  ECF No. 37-1 at 12.  In order to succeed on his retaliation claim, Plaintiff would need to establish a causal connection between his grievances and his transfer, which necessarily requires an analysis of the officers' reasons and motivations for transferring Plaintiff.  As with prison workplace assignments, the BOP has considerable discretion in transfer decisions.  "The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . .  The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another."  18 U.S.C. § 3621(b).  Allowing a Bivens remedy for allegedly improper transfers when Congress specifically limited district courts' ability to review the BOP's placement decisions "would improperly encroach upon the executive's domain."  Mack, 968 at 323.

The process of screening non-legal mail is also extensively regulated by the BOP.  "Moreover, as other courts have recognized, special factors exist counseling against the expansion of Bivens to First Amendment claims regarding interference with mail, such as Congress' decision to not provide a damages remedy for certain violations and the financial burden on federal agencies resulting from litigation." Railey v. Ebbert, 407 F. Supp. 3d 510, 522 (M.D. Pa. 2019),

appeal dismissed, No. 19-3889, 2020 WL 3414760 (3d Cir. Feb. 19, 2020).

The Court concludes Plaintiff's claims of a retaliatory prison transfer and interference with his non-legal mail are new contexts under Bivens and that there are special factors counselling against creating a new Bivens remedy. Plaintiff's First Amendment claims will be dismissed for failure to state a claim.

Because Plaintiff has not stated a claim of a violation of his federal rights, Defendants are also entitled to qualified immunity. See Reichle v. Howards, 566 U.S. 658, 664 (2012) ("Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct.").

B.  Remaining Claims

Defendants do not address Plaintiff's other claims, but the Court "shall dismiss the case at any time if the court determines that fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(ii).

In addition to the claims addressed above, Plaintiff argues Defendants violated his First Amendment right to free association, the Fourth Amendment by opening his mail, his Fifth Amendment due process right, the Eighth Amendment prohibition on

13

cruel and unusual punishment, and Plaintiff's Fourteenth Amendment equal protection right. All of these claims are new contexts under Bivens.

As noted supra, the Supreme Court has never extended Bivens to any of the First Amendment's protected activities, nor has it extended Bivens to the Fourteenth Amendment's equal protection clause. Although the Supreme Court did create a remedy for violations of the Fourth Amendment and the Fifth Amendment due process right, those cases were not decided in the prison context. See Bivens, 403 U.S. 388 (creating remedy for Fourth Amendment claim for warrantless search and arrest); Davis v. Passman, 442 U.S. 228 (1979) (holding administrative assistant fired by Congressman had a Bivens remedy for her Fifth Amendment gender discrimination claim). Similarly, Carlson v. Green, 446 U.S. 14 (1980), only addressed a prisoner's claim of denial of medical care under the Eighth Amendment. None of the cases identified by the Supreme Court in Abbasi concerned a prisoner's challenge to prison officials searching his mail and transferring him to a different facility, making these claims "different in a meaningful way" from the Court's previous Bivens case. Abbasi, 137 S. Ct. at 1859-60.

The Court concludes extending the Bivens remedy to the above claims would be inappropriate for the same reasons as it would be inappropriate to extend Bivens to the retaliation and

14

interference with mail claims.  The alternative remedies available to Plaintiff and the infringement on the legislative and executive branches caution against creating a judicial remedy in the absence of congressional action.

C.   Injunctive Relief

Finally, Plaintiff has not shown that he is entitled to injunctive relief in the form of a transfer back to FCI Fort Dix and the return of any seized mail.

A request for injunctive relief in the prison context must be "viewed with considerable caution." Rush v. Corr. Med. Servs., Inc., 287 F. App'x 142, 144 (3d Cir. 2008).  A party seeking the extraordinary remedy of preliminary injunctive relief must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004).  "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." Rush, 287 F. App'x at 144.

For the reasons stated above, Plaintiff has not shown a likelihood of success on the merits of his complaint.  Nor has he shown that he will be irreparably harmed if the Court does

15

not grant the requested relief.  In light of Plaintiff's failure to establish irreparable harm, it is unnecessary for the Court to address the remaining factors in the injunctive relief analysis.  See Frank's GMC Truck Ctr. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988) (stating that injunctive relief cannot be granted where movant has not demonstrated probability of irreparable harm).

IV. CONCLUSION

    For the reasons set forth above, the motion to dismiss will be granted.  The complaint will be dismissed for failure to state a claim.  An appropriate Order follows.


Dated: November 20, 2020        s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.